The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONNIE CRUICKSHANK,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent. | CV _________<br>CR 17-323-JLR<br><br>MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255 |

Ronnie Cruickshank, through undersigned counsel, hereby files a motion to vacate his conviction and set aside the judgment in this case pursuant to 28 U.S.C. § 2255. As explained below, Mr. Cruickshank's guilty plea under 18 U.S.C. § 922(g) must be vacated in light of the Supreme Court's recent decision in *Rehaif v. United States*, __ U.S.__, 139 S. Ct. 2191 (2020).

## I. Custody Status

Bureau of Prisons No.: 35844-086

Place of Confinement: Terminal Island FCI. Following release from custody, Mr. Cruickshank will be on supervised release for five years.

## II. Procedural History

1. (a) Name and location of court that entered judgment: Western District of Washington; Seattle, Washington.

(b) Case number: CR 17-323-JLR

2. (a) Date of judgment: 10/22/18, Dkt 54.



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

(b) Date of sentencing: 10/11/18, Dkt 50.

3. Length of sentence: 72 months in custody for each count to run concurrently; 5 years of supervised release.

4. Nature of crime (all counts): Felon in possession of a firearm, in violation of violation of 18 U.S.C. § 922(g)(1); Distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1), (b)(1)(A), and 846.

5. What was your plea: Guilty

6. Did you have trial by judge or jury: No

7. Did you testify at pretrial hearing, trial, or post-trial hearing: No

8. Did you appeal from judgment: No

9. If you appealed, answer:

(a) Name of court:

(b) Docket or case number:

(c) Result:

(d) Date of result:

(e) Citation to case:

(f) Grounds raised:

(g) Did you file a petition for certiorari to the U.S. Supreme Court:

If yes, answer the following:

(i) Docket or case number:

(ii) Result:

(iii) Date of result:

(iv) Citation to case:

(v) Grounds raised:

10. Other than direct appeals listed above, have you previously filed other motions, petitions, or applications concerning this judgment in any court: There have been no



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

prior §2255 or §2241motions in this case. There is a pending motion seeking compassionate release that has not yet been decided. *See* Dkts 55-60.

11. (a) If your answer to Question 10 was yes, provide the following information:

(i) Name of court:

(ii) Docket or case number:

(iii) Date of filing:

(iv) Nature of proceeding:

(v) Grounds raised:

(vi) Did you receive a hearing where evidence was given on your motion, petition, or application:

(vii) Result:

(viii) Date of result:

(b) If you filed any second motion, petition, or application, give the same information:

(i) Name of court:

(ii) Docket or case number:

(iii) Date of filing:

(iv) Nature of proceeding:

(v) Grounds raised:

(vi) Did you receive a hearing where evidence was given on your motion, petition, or application:

(vii) Result:

(viii) Date of result:

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application:

(i) First petition:



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

(ii) Second petition:

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why not:

(12) For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. State the facts supporting each ground.

## III. Ground One: Mr. Cruickshank's Guilty Plea Was Not Knowing and Intelligent in Violation of the Fifth Amendment's Due Process Clause and Fed. R. Crim. P. 11(b)(G).

### A. The Supreme Court abrogated longstanding Ninth Circuit precedent by expanding the knowledge requirement in 18 U.S.C. § 922(g).

18 U.S.C. § 922(g) provides that "[i]t shall be unlawful" for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition. In *Rehaif*, the Supreme Court held that the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. In other words, an individual is not guilty of a § 922(g) offense unless he had knowledge of his prohibited status within one of the nine categories under the statute at the time he possessed a firearm.

In so holding, *Rehaif* abrogated longstanding Ninth Circuit precedent (as well as that of every federal court of appeals) holding that a defendant's knowledge of his prohibited status is not an element of a § 922(g) offense. *See United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003) (citing *United States v. Miller*, 327 F.3d 788 (9th Cir. 1997)); *see also United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc); *United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012); *United States v. Games-Perez*, 667 F.3d 1136, 1142 (10th Cir. 2012); *United States v. Rose*, 587 F.3d 695, 705–06 & n.9 (5th Cir. 2009); *United States v. Bryant*, 523 F.3d 349, 354 (D.C. Cir. 2008); *United*



**FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100**

*States v. Olender*, 338 F.3d 629, 637 (6th Cir. 2003); *United States v. Lane*, 267 F.3d 715, 720 (7th Cir. 2001); *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999); *Jackson v. United States*, 120 F.3d 1226 (11th Cir. 1997); *United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1991).

**B. *Rehaif* voids Mr. Cruickshank's § 922(g) conviction.**

*Rehaif* now voids Mr. Cruickshank's guilty plea because this Court accepted it without advising Mr. Cruickshank of the element requiring knowledge of his or her prohibited status under § 922(g). Because the Court failed to advise Mr. Cruickshank of an element of the offense to which he or she pled guilty, the plea was not knowingly and intelligently made, and in turn violated the Due Process Clause under the Constitution and Fed. R. Crim. P. 11(b)(G).

Mr. Cruickshank pleaded guilty to violating § 922(g) long before *Rehaif* was decided. Unsurprisingly, no one involved in the proceedings correctly understood the elements of the offense to which Mr. Cruickshank pled. Mr. Cruickshank was never told during the plea proceedings – either in his plea agreement or at the change of plea hearing – that the crime required proof that he knew he had been convicted of a crime punishable by more than one year at the time he possessed the weapon. *See* Dkt. 38 (plea agreement). Because Mr. Cruickshank was not advised of the true nature of the charge, his guilty plea is "constitutionally invalid" and cannot stand. *Bousley v. United States*, 523 U.S. 614, 619 (1998).

*Bousley* addressed a situation very similar to Mr. Cruickshank. In an earlier case, the Supreme Court had narrowed the scope of a federal criminal statute, and Bousley later filed a section 2255 motion seeking to undo his guilty plea to violating the newly construed provision on the grounds that he had been misinformed of the offense's elements. *Id.* at 616–17. The Court recognized that if Bousley's allegations proved true, his plea would be "constitutionally invalid." *Id.* at 619. And that recognition was



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

grounded in the principle that when pleading guilty, a defendant must receive "real notice of the true nature of the charge against him." *Id.* at 618. This principle, as the Court recognized, is "the first and most universally recognized requirement of due process." *Id.*

Once the violation is established, relief is required. *Rehaif* error is structural and is not subject to harmless error analysis. *United States v. Gary*, 954 F.3d 194, 198 (4th Cir. 2020).

Even if *Rehaif* error is subject to harmless error analysis, the error is not harmless. *See Nair v. United States*, No. C19-1751JLR, 2020 WL 1515627, at *5 (W.D. Wash. Mar. 30, 2020) (citing *Henderson v. Morgan*, 426 U.S. 637, 646 (1976) ("Harmlessness in a guilty plea case . . . focuses on whether the defendant was in fact informed of the missing element through some other means."). Because a guilty plea without notice of the true charges is constitutionally invalid, this type of error can be harmless only if there is record proof that the defendant was made aware of the missing element through other means or if the record otherwise contains an admission by the defendant to that element. *See Henderson v. Morgan*, 426 U.S. 637 (1976). In *Henderson*, the defendant was not advised of a mens rea element necessary to commit the charged offense. This rendered the plea invalid despite the fact, assumed by the Court, that the "prosecutor had overwhelming evidence" of the omitted element. *Id.* at 644. The only thing that could have saved the plea was "a substitute for" the defendant's voluntary admission to the element – a stipulation to the element, evidence that the element was otherwise "explain[ed] to" the defendant, or a statement by the defendant "necessarily implying that he had [the requisite] intent." *Id.* at 646. Because the record contained no substitute of this kind, his guilty plea could not survive. *Id.*; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 85 n.10 (2004) (considering



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

similar but distinct issue of Rule 11 violations as opposed to "the constitutional question whether a defendant's guilty plea was knowing and voluntary").

**C. Mr. Cruickshank's claim is cognizable under 28 U.S.C. § 2255(a).**

Mr. Cruickshank's claim is cognizable under 28 U.S.C. § 2255(a) because his guilty plea is unconstitutional and violates the laws of the United States.

**D. *Rehaif* is retroactively applicable to Mr. Cruickshank's case.**

Finally, *Rehaif* is retroactively applicable here. Under *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive." *Welch v. United States*, __ U.S.__, 136 S. Ct. 1257, 1264 (2016). A decision is "substantive" if it "alters the range of conduct or the class of persons that the law punishes." *Id.* at 1264–65 (citation omitted). "This includes decisions that narrow the scope of a criminal statute by interpreting its terms." *Id.* at 1265 (citation omitted).

*Rehaif* is exactly such a decision. Before *Rehaif*, the lower courts had expansively interpreted § 922(g) to punish the possession of firearms by individuals who fell within a prohibited class, even if they did not know that they fell within the class at the time they possessed the firearms. But *Rehaif* narrowed the scope of § 922(g) by interpreting it to require knowledge of one's prohibited status at the time a firearm is possessed. In so doing, the Court altered the range of conduct and class of persons punishable under § 922(g). Therefore, *Rehaif* announced a substantive rule that is retroactive.

The Supreme Court's decision in *Bousley*, 523 U.S. at 620–21, reinforces that *Rehaif* is retroactive. In *Bousley*, *id.*, the Supreme Court held that its decision in *Bailey v. United States*, 516 U.S. 137 (1995), was substantive, and therefore retroactive. In *Bailey*, the Supreme Court construed 18 U.S.C. § 924(c)(1), which at the time only criminalized the "use" or "carr[ying]" of a firearm during and in relation to a crime of



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

violence. Previously, some lower courts had interpreted the "use" language in the provision to require only accessibility and proximity to the firearm, not active employment of the firearm. But in *Bailey*, the Supreme Court held that "active employment" of the firearm was required under § 924(c)(1). 516 U.S. at 144. In *Bousley*, the Supreme Court ruled that *Bailey* announced a substantive (and therefore retroactive) rule because it narrowed the scope of the § 924(c) statute by holding that the statute "does not reach certain conduct"—i.e., the non-active use of a firearm. *Bousley*, 523 U.S. at 620. Likewise, *Rehaif* announced a substantive (and therefore retroactive) rule because it narrowed the scope of the § 922(g) statute by holding that it does not reach certain conduct—i.e., the possession of a firearm by a defendant who, at the time, had no knowledge of his or her prohibited status.

## IV. Conclusion

Mr. Cruickshank respectfully requests that this Court grant his motion and vacate his invalid and unconstitutional guilty plea.

Dated this 16th day of June 2020.

Respectfully submitted,

s/ *Dennis Carroll*
Assistant Federal Public Defender
Attorney for Ronnie Lee Cruickshank



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**